GEORGE F. VOGT, JR., SBN 107310
GINA L. MOYLES, SBN 208222
**HERRIG & VOGT, LLP**
4210 Douglas Boulevard, Suite 100
Granite Bay, California 95746-5902
Telephone:   (916) 960-1000
Facsimile:   (916) 960-1005
g.vogt@herrigvogt.com
g.moyles@herrigvogt.com

Attorneys for Use-Plaintiff and Plaintiff Boneso Brothers Construction, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for the use and benefit of BONESO BROTHERS CONSTRUCTION, INC., a California corporation; and BONESO BROTHERS CONSTRUCTION, INC., a California corporation<br><br>Plaintiffs,<br><br>vs.<br><br>WALSH/DEMARIA JOINT VENTURE V, an Illinois joint venture; WALSH CONSTRUCTION COMPANY, an Illinois corporation; THE WALSH GROUP LTD. an Illinois corporation; DEMARIA BUILDING COMPANY, INC. a Michigan corporation; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation.<br><br>Defendants. | CASE NO:<br><br>COMPLAINT FOR:<br><br>(1) RECOVERY ON MILLER ACT PAYMENT BOND;<br>(2) BREACH OF CONTRACT; and<br>(3) QUANTUM MERUIT<br><br><br>"DEMAND FOR JURY TRIAL" |

Use-Plaintiff and Plaintiff Boneso Brothers Construction, Inc. alleges as follows

<u>PARTIES</u>

1.   Use-Plaintiff and Plaintiff Boneso Brothers Construction, Inc. (herein "BONESO"), is, and at all times relevant was, a corporation operating and existing under the laws of the State of California engaged in the business of providing plumbing and medical gas plumbing work and is licensed

---

1

COMPLAINT

by the State of California to perform as described in this Complaint.

2. BONESO is informed and believes and thereon alleges that Defendant Travelers Casualty and Surety Company of America (herein "TRAVELERS"), and all times relevant was, a Connecticut corporation authorized and licensed to do business and doing business in California as a surety issuing bonds pursuant to the Miller Act within the jurisdiction of this Court.

3. BONESO is informed and believes and thereon alleges that Defendant WALSH CONSTRUCTION COMPANY, INC. is, and all times relevant was, an Illinois corporation and doing business as such in the State of California.

4. BONESO is informed and believes and thereon alleges that Defendant THE WALSH GROUP LTD is, and all times relevant was, an Illinois corporation and doing business as such in the State of California.

5. BONESO is informed and believes and thereon alleges that Defendant DEMARIA BUILDING COMPANY, INC., is, and all times relevant was, a Michigan corporation and doing business as such in the State of California.

6. BONESO is informed and believes and thereon alleges that Defendant WALSH/DEMARIA JOINT VENTURE V is, and all times relevant was, a joint venture of unknown form organized under the laws of the State of Illinois and doing business as such in the State of California.

7. BONESO is informed and believes and thereon alleges that the WALSH/DEMARIA JOINT VENTURE V has held itself out as, and is, a joint venture between Defendants WALSH CONSTRUCTION COMPANY, INC., THE WALSH GROUP LTD, and DEMARIA BUILDING COMPANY, INC., or they are alter egos of one another or both.

8. Defendants WALSH CONSTRUCTION COMPANY, INC., THE WALSH GROUP LTD, DEMARIA BUILDING COMPANY, INC. and WALSH/DEMARIA JOINT VENTURE V are collectively referred to herein as WALSH/DEMARIA or Defendants.

## JURISDICTION

9. This Court has jurisdiction of this action under 28 U.S.C. § 1331 because this action is filed pursuant to the Miller Act, 40 U.S.C. §§ 3131-3134. This Court has supplemental jurisdiction of the other claims for relief under 28 U.S.C. § 1367(a).

## VENUE AND INTRADISTRICT ASSIGNMENT

10. Venue in this Court is proper pursuant to 40 U.S.C. § 3133(b)(3) because the contracts described below were to be performed and executed within this judicial district of the United States. The federal construction project at issue is located in the City of Palo Alto, County of Santa Clara, State of California. Therefore, pursuant to the Northern District of California's Civil Local Rules, rule 3-2(c) & (e), this action should be assigned to the San Jose Division of the United States District Court for the Northern District of California.

## COMMON FACTUAL ALLEGATIONS

11. BONESO is informed and believes and thereon alleges that on or about October 4, 2011, WALSH/DEMARIA entered into a written contract with the United States of America, by and through the Department of Veterans Affairs (herein "VA"), to construct the federal work of improvement known as the VA Palo Alto Polytrauma, Blind Rehabilitation Center, located in Palo Alto, California (herein "Project").

12. BONESO is informed and believes and thereon alleges that pursuant to 40 U.S.C. §§ 3131-3134, WALSH/DEMARIA, as principal, and TRAVELERS, as surety, executed a payment bond securing payment for labor and materials supplied to the Project. Pursuant to the payment bond, WALSH/DEMARIA and TRAVELERS are jointly and severally bound for the purpose of allowing a joint action against any or all of them under the bond.

13. On or around July 10 2012, BONESO, as subcontractor, entered into a written contract ("SUBCONTRACT") with WALSH/DEMARIA to furnish all labor, material, equipment, insurance, taxes and supervision as required to fully fabricate, deliver F.O.B. Project and install all Polytrauma Plumbing for the Project in exchange for a SUBCONTRACT sum of $4,637,703.00, subject to adjustment by Change Orders. A copy of the SUBCONTRACT between BONESO and

WALSH/DEMARIA is attached hereto in pertinent parts as Exhibit A and is incorporated by reference.

14. During the course of performing the work on the Project, WALSH/DEMARIA acknowledged delays and impacts to both BONESO and its subcontractors via numerous correspondence to the VA asserting delays, costs, and time impacts.

15. Between on or about July 10, 2012 through the present, during the course of performance of the SUBCONTRACT between BONESO and WALSH/DEMARIA, BONESO was directed by WALSH/DEMARIA, pursuant to the SUBCONTRACT, to perform extra work under the SUBCONTRACT. BONESO has yet to be paid for all of the extra work it performed under the SUBCONTRACT, all of which resulted in additional costs to BONESO in an amount in excess of $82,900.00.

16. In addition to the above extra work, WALSH/DEMARIA has failed to pay BONESO all SUBCONTRACT amounts agreed to be owed to BONESO pursuant to the SUBCONTRACT, which currently total an amount in excess of $148,374.50.

17. In addition, WALSH/DEMARIA caused numerous and continuous changes to the sequence and order of the mechanical work, delays in access to the work coupled with later accelerations of the work, failed to competently manage the Project, failed to properly administer the schedule, and caused a multitude of other disruptions that resulted in BONESO's inefficient utilization of bid anticipated direct expenditures that resulted in cost overruns on labor, material, and equipment by BONESO because WALSH/DEMARIA would not acknowledge said impacts by appropriate extension of the SUBCONTRACT time and monies, all of which resulted in additional costs to BONESO in an amount in excess of $1,622,200.00.

18. Despite BONESO' best efforts to efficiently perform its work, the completion date for the SUBCONTRACT was delayed through no fault of BONESO. BONESO is informed and believes and thereon alleges that the delay in completing the Project was caused by, inter alia, WALSH/DEMARIA's failure to timely and adequately schedule the various trades on the Project, WALSH/DEMARIA's failure to properly administer the Project, and WALSH/DEMARIA and other non-mechanical trades failure to perform. All of these failures resulted in a breach of the SUBCONTRACT by WALSH/DEMARIA.

19. Pursuant to the terms and provisions of the SUBCONTRACT, BONESO provided labor, equipment, materials, and services and incurred costs and expenses in the performance of said services, all of which WALSH/DEMARIA agreed to pay.

20. On or about June 2, 2015, WALSH/DEMARIA breached the SUBCONTRACT as set forth above and additionally, by including but not limited to, failing and refusing to pay BONESO the amounts due as set forth above. WALSH/DEMARIA still refuses to pay the amounts due BONESO for services, labor, and equipment and materials that BONESO provided to the Project.

21. On or about June 2, 2015, BONESO submitted a Request for Additional Compensation to WALSH/DEMARIA seeking a time extension request of 400 calendar days along with jobsite overhead delay damages of $560,805.00. Additionally BONESO sought contribution to corporate overhead for the extended SUBCONTRACT, in the amount of $149,786.00. In addition BONESO sought damages for inefficiencies that it incurred due to impacts to their work in the amount of $911,430.00. At the time of the Request for Additional Compensation was served on WALSH/DEMARIA, outstanding Change Order Proposals had yet to be agreed to in the amount of $82,900.00. The total amount sought in the Request for Additional Compensation was a sum in excess of $1,666,293.00. The current outstanding SUBCONTRACT balance owed to BONESO is in excess of $148,374.00. BONESO anticipates modification of its claim to reflect the current outstanding amounts owed.

22. No response was ever provided to BONESO's Request for Additional Compensation by WALSH/DEMARIA.

## FIRST CLAIM FOR RELIEF

**(Recovery on Miller Act Payment Bond Against TRAVELERS and WALSH/DEMARIA)**

23. BONESO re-alleges and incorporates by reference the allegations of paragraphs 1-22, inclusive, as if fully set forth herein.

24. The Payment Bond inures to the benefit of BONESO.

25. BONESO has fully performed all obligations required to be performed by it under the SUBCONTRACT and under the Payment Bond, and all of the conditions precedent to performance on the part of TRAVELERS and WALSH/DEMARIA have occurred.

26. The Project's schedule was extended due to the fault of WALSH/DEMARIA or as agreed upon by WALSH/DEMARIA, causing BONESO to incur increased costs, which WALSH/DEMARIA agreed to pay. TRAVELERS and WALSH/DEMARIA have failed and refused to perform their obligations under the SUBCONTRACT and the Payment Bond, in that BONESO has not been paid in full and is still owed at least $1,897,567.00 for the value of labor, services, materials, equipment, and supplies furnished to the Project.

27. BONESO last furnished labor, services, materials, equipment, or supplies to the Project in or about September 26, 2016, within one year preceding the date this complaint was filed.

28. A period of 90 days has now elapsed since BONESO last furnished labor, services, materials, equipment, or supplies for the Project.

29. As BONESO had a direct contractual relationship with WALSH/DEMARIA by virtue of the SUBCONTRACT, BONESO was not required to provide a 90-day preliminary notice pursuant to 40 U.S.C. § 3133(b)(2).

30. As a result of TRAVELERS' and WALSH/DEMARIA's failure and refusal to pay BONESO, BONESO has been damaged in the amount of at least $1,897,567.00, together with interest at the maximum legal rates from dates according to proof.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract against WALSH/DEMARIA)

31. BONESO re-alleges and incorporates by reference the allegations of paragraphs 1-30, inclusive, as if fully set forth herein.

32. BONESO has performed all things necessary and required of BONESO under the SUBCONTRACT, except to the extent that BONESO was prevented or excused from performing by WALSH/DEMARIA and/or its agents and other subcontractors, as alleged in BONESO's claim and set forth herein.

33. On or about August 1, 2016, WALSH/DEMARIA breached the SUBCONTRACT by failing to pay BONESO the amount of $1,897,567.00 demanded in BONESO'S Request for Additional Compensation, which represents damages sustained by BONESO for delays, extra work and impacts

caused by the WALSH/DEMARIA and/or its agents and/or other subcontractors, and there is now due, owing and unpaid, a balance in excess of $1,897,567.00 plus interest at a legal rate. In addition, WALSH/DEMARIA has not paid the outstanding SUBCONTRACT balance earned by BONESO in the amount in excess of $148,374.00.

34. BONESO is informed and believes and thereon alleges that, as a direct and proximate result of said breaches of the SUBCONTRACT and WALSH/DEMARIA's failure and refusal to compensate BONESO for the costs and expenses incurred as a result of the above-mentioned delays, extra work and impacts, BONESO has been damaged in the amount in excess of $1,897,567.00 plus interest plus outstanding SUBCONTRACT balance owed in the amount in excess of $148,374.00 and in such additional sums resulting from said refusal to pay BONESO.

35. As a result of WALSH/DEMARIA's failure and refusal to pay BONESO, BONESO has been damaged in the amount of at least $2,045,942.00, together with interest at the maximum legal rates from dates according to proof.

### THIRD CLAIM FOR RELIEF

#### (Quantum Meruit against Walsh/DeMaria)

36. BONESO re-alleges and incorporates by reference the allegations of paragraphs 1-35, inclusive, as if fully set forth herein.

37. On or about August 1, 2016, WALSH/DEMARIA breached the SUBCONTRACT by failing to pay BONESO for reasonable remuneration for services provided in the amount of $2,012,062 demanded in BONESO'S Request for Additional Compensation, which represents damages sustained by BONESO for delays and impacts caused by the WALSH/DEMARIA and/or its agents and/or other Subcontractors, and there is now due, owing and unpaid, a balance in excess of $2,045,942.00 plus interest at a legal rate.

38. BONESO is informed and believes and thereon alleges that, as a direct and proximate result of said breaches of the SUBCONTRACT and the WALSH/DEMARIA's failure and refusal to compensate BONESO for reasonable remuneration for services provided as a result of the above-mentioned delays, BONESO has been damaged in the amount in excess of $2,012,062 plus interest plus

outstanding SUBCONTRACT balance owed in the amount in excess of $148,374.00 and in such additional sums resulting from said refusal to pay BONESO.

39. As a result of TRAVELERS' and WALSH/DEMARIA's failure and refusal to pay BONESO, BONESO has been damaged in the amount of at least $2,045,942.00, together with interest at the maximum legal rates from dates according to proof.

## PRAYER FOR RELIEF

**WHEREFORE**, the United States of America, for the use and benefit of BONESO, and BONESO, pray for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF AGAINST TRAVELERS AND WALSH/DEMARIA:**

1. For general, special, and consequential damages in an amount according to proof in favor of BONESO, together with interest provided by law and according to proof at trial;

2. For attorneys' fees and costs as permitted by law;

**ON THE SECOND CLAIM FOR RELIEF AGAINST WALSH/DEMARIA:**

3. For general, special, and consequential damages in an amount according to proof at trial in favor of BONESO, together with interest provided by law and according to proof at trial;

4. For attorneys' fees and costs as permitted by law;

**ON THE THIRD CLAIM FOR RELIEF AGAINST WALSH/DEMARIA:**

5. For the reasonable value of the benefits conferred by BONESO to WALSH/DEMARIA AT ITS INSISTENCE, in an amount according to proof at trial in favor of BONESO, together with interest provided by law and according to proof at trial;

**ON ALL CLAIMS FOR RELIEF AGAINST TRAVELERS AND WALSH/DEMARIA:**

6. For interest at the maximum legal rates from dates according to proof;

7. For costs of suit incurred;

8. For attorneys' fees and costs as permitted by law;

9. For any and all relief as the Court may deem just and proper.

///

///

///

PLAINTIFFS HEREIN DEMAND A JURY TRIAL.

Dated:  December 29, 2016

Respectfully submitted,

HERRIG & VOGT, LLP

By:  /s/ George F. Vogt, Jr.
      GEORGE F. VOGT, JR.
      GINA L. MOYLES
Attorneys for Use Plaintiff and Plaintiff Boneso Brothers Construction, Inc.